**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

<table>
<tr><td>
THE TRAVELERS INDEMNITY COMPANY OF AMERICA,<br><br>
Plaintiff, <br>
-against-- <br><br>
SOUTHWEST MARINE AND GENERAL COMPANY and HUDSON EXCESS INSURANCE COMPANY,<br>
Defendants.
</td>
<td>
Civil Case No.:1:23-cv-04859-AKH-RFT<br><br>
<b><u>STIPULATION AND PROTECTIVE ORDER</u></b>
</td></tr>
</table>

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED that the following restrictions and procedures shall apply solely and be confined to the exchange and use of Defense Billing, as defined in Paragraph 1 herein, by the parties in connection with this action:

1. "Defense Billing" means the legal billing statements and expense invoices, incurred in defense of Core Four Construction ("Core Four"), 205 West 39th Street Company ("205 West 39th") and Calvin Klein, Inc. ("Calvin Klein") in the underlying action, *Eloy Nicanor Morocho Alvear v. 205 West 39th Street Company, et al.*, pending in the Supreme Court of the State of New York, Queens County, Index No. 703667/2022 (the "Underlying Action"), for which The Travelers Indemnity Company of America ("Travelers") seeks reimbursement from Southwest Marine and General Company ("Southwest").

2.  "State Court Action" refers to the action captioned *Southwest Marine and General Insurance Company v. Hudson Excess Insurance Company,* filed in New York County, Index No, 650794/2026.

3. Counsel for any party may designate as confidential only that portion of the Defense Billing that counsel reasonably and in good faith believes consists of:

a. Material subject to attorney-client privilege and/or work product protection in connection with the Underlying Action;

b. Information relating to rates, fees, and/or retainers charged by defense counsel, consultants, vendors, and/or experts in connection with the Underlying Action; or

c. Any other category of information this Court subsequently affords confidential status.

That portion of the Defense Billing designated by a party as confidential (hereinafter referred to as the "Confidential Information") shall be so designated by (a) stamping or otherwise clearly marking as "CONFIDENTIAL" the protected portion of the Defense Billing in a manner that will not interfere with legibility; and (b) producing for future public use another copy of said Defense Billing with the confidential portion redacted.

"Confidential Information" (as defined in paragraphs (a), (b) and (c), above) may be sanitized for production in the State Court Action by being produced with all confidential information redacted, accompanied by a privilege log.  In its redacted form, the "Confidential Information" will not be considered as "Confidential" and may be utilized in the State Court Action without compliance with the protocols in this Stipulation.

4. Confidential Information disclosed or redacted, formerly Confidential Information, will be held and used by the person receiving such information solely for use in connection with this action, or in connection with the "State Court Action"), provided that in the State Court Action,

2

the Confidential Information shall be subject to a comparable confidentiality agreement or protective order. Nothing herein shall permit the use of Confidential Information in any manner adverse to The Travelers Indemnity Company of America or its rights to reimbursement of the Defense Billing.

5. In the event a party challenges another party's designation of Confidential Information, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

6. All information and documents designated as "CONFIDENTIAL" shall not be disclosed to the Southwest Marine and General Insurance Company assigned to the defense of any party adverse to Core Four, 205 West 39th, and/or Calvin Klein in the Underlying Action.

7. All information and documents designated as "CONFIDENTIAL" may be disclosed to:

a. The receiving party and counsel, including in-house counsel, provided, however, that Southwest may disclose Defense Billing to (i) its coverage counsel, coverage personnel, and claims representatives involved in evaluating or pursuing any coverage dispute arising out of the Underlying Action, and (ii) Hudson Excess Insurance Company ("Hudson"), its counsel, employees, and representatives, solely in connection with the State Court Action, subject to a comparable confidentiality agreement or protective order entered in that proceeding, and provided further that Hudson and its counsel, employees, and representatives shall be prohibited from using the Defense Billing for any purpose adverse to The Travelers Indemnity Company of America,

3

including but not limited to any coverage dispute between Hudson and The Travelers Indemnity Company of America;

b. Employees of such counsel assigned to and necessary to assist in the litigation;

c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel and subject to Paragraph 8 *et seq.* herein; and

d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

8. Prior to disclosing or displaying the Confidential Information to any consultants or experts pursuant to Paragraph 7(c), counsel must:

a. Inform the person of the confidential nature of the information or documents;

b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c. Require each such person to sign an agreement to be bound by this Protective Order in the form attached hereto as Exhibit A.

9. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Protective Order.

10. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify

the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

11. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection in this case or in any other federal or state proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

12. All Confidential Information filed with the Court must be redacted and preceded by an appropriate application to file the Confidential Information under seal. The parties shall follow the Court's procedures with respect to filing under seal.

13. At the conclusion of this litigation, any copies of Confidential Information disclosed pursuant to Paragraph 8 *et seq.* shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed. Receiving parties and their counsel shall be permitted to retain their working files on the condition that those files will remain protected. Notwithstanding the foregoing, Southwest shall be permitted to retain copies of the Defense Billing for use in the State Court Action until the

conclusion of that proceeding, at which time the return or destruction obligations of this Paragraph shall apply to any remaining copies retained by Southwest, its counsel, and any consultants or experts engaged in connection with the State Court Action.

14. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena. Nothing herein shall prohibit Southwest from producing Defense Billing in response to discovery demands, court order, or otherwise as required in the State Court Action, provided that Southwest provides no less than ten (10) days advance written notice to Travelers prior to any such disclosure, and Travelers reserves the right to seek relief from the court presiding over the State Court Action, or any court of competent jurisdiction, to prevent or condition such disclosure.

15. Southwest shall use reasonable best efforts to obtain a comparable confidentiality agreement or protective order governing the Defense Billing in the State Court Action within forty-five (45) days of the dismissal of this action and shall promptly notify Travelers upon entry of any such order.

16. This Protective Order shall survive the termination, dismissal, or resolution of this action and shall remain in full force and effect with respect to any Defense Billing used or disclosed in connection with the State Court Action until superseded by a comparable confidentiality agreement or protective order entered in that proceeding.

Dated: April 17, 2026

USERY & ASSOCIATES

By:__/s/ Janet J. Lee_____
    Janet J. Lee
Attorneys for Plaintiff The Travelers Indemnity
Company of America
P.O. Box 2996
Hartford, CT 06104-2996
jlee37@travelers.com

O'TOOL SCRIVO, LLC

By:__/s/ Steven A. Weiner__
    Steven A. Weiner
Attorneys for Defendant Southwest Marine and General
Insurance Company
14 Village Park Road
Ceder Grove, New Jersey 07009
sweiner@oslaw.com

---

SO ORDERED:

---

U.S.D.J. Dated:   April 17, 2026

7

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY OF AMERICA, <br><br>                    Plaintiff, <br><br>       -against-- <br><br> SOUTHWEST MARINE AND GENERAL COMPANY and HUDSON EXCESS INSURANCE COMPANY, <br>                Defendants. | Civil Case No.:1:23-cv-04859-AKH-RFT <br><br> **AGREEMENT** |

I, _____, have been informed by counsel that certain documents or information to be disclosed to me in connection with the above-captioned matter have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are governed by the Stipulation and Protective Order in this matter, a copy of which has been provided to me.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than:

(i) this litigation; or

(ii) in connection with the action captioned *Southwest Marine and General Company v. Hudson Excess Insurance Company*, Index No.: 650794/2026 (the "SW Marine Action");

provided that in any use pursuant to clause (ii) above, I shall maintain the confidentiality of such information, it shall be subject to a comparable confidentiality agreement or protective order entered in the SW Marine Action, and I shall not use such information in any manner adverse to The Travelers Indemnity Company of America or its rights to reimbursement of the Defense Billing.

DATED:

_____

Signed in the presence of:

_____

(Attorney)